Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DAVID & DEANNA MARCIEL**, <br><br> Plaintiffs, <br><br> vs. <br><br> **SPRINGLEAF FINANCIAL SERVICES, INC.,** <br><br> Defendant. | Case No.: 3:14-cv-830 <br><br> **COMPLAINT;** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692a, *et seq.*); <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.     This is an action for damages brought by a pair of consumers for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2.     Plaintiffs' claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III. PARTIES

3.     Plaintiffs, David and Deanna Marciel, ("Plaintiffs"), are each a natural person residing in Clackamas County, Oregon.

4.     Defendant, Springleaf Financial Services, Inc., ("Defendant") is a corporation

Complaint – Page 1

engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

5.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.    Plaintiffs are each a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.    All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8.    Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiffs. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.    Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, including coming to an agreement with Plaintiffs and failing to honor it, instead selling the debt to a third party before the agreement was completed and failing to notify the new owner of the agreement.  The precise terms of the agreement were that Plaintiff agreed to make three payments of a certain amount over 3 months, and that after those payments were completed the debt would be removed from default status and Plaintiff could resume normal monthly payments. (§ 1692e(10)).

10.   Collecting an amount from Plaintiffs that is not permitted by law.  Defendant took a payment from Plaintiff after selling the right to be paid on the account to a third party (§ 1692f(1)).

11.   Failing to provide Plaintiffs with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiffs, or in writing within 5 days thereof (1692g(a)).

12.   Attempt to or threaten to enforce a right or remedy with knowledge or reason to

know that the right or remedy does not exist, or threaten to take any action which the debt collector in the regular course of business does not take, including taking money after Defendant knew it had sold the right to be paid to a third party (ORS 646.639(2)(k)).

13.     Failing to notify Plaintiffs during each collection contact that the communication was from a debt collector, including sending Plaintiffs letters that did not include this disclosure (§ 1692e(11)).

14.     As a result of the aforementioned violations, Plaintiffs suffered and continue to suffer injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15.     Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16.     Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

17.     To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18.     Plaintiffs reincorporate by reference all of the preceding paragraphs.

19.     The preceding paragraphs state a *prima facie* case for Plaintiffs and against Defendant for violations of the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

### PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

Dated this 19th day of May, 2014

By: s/Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff